Richard Placido, Esq. (SBN 317334)
**RESNICK & LOUIS, P.C.**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: (714) 709-4400
Facsimile: (714) 586-9748
E-mail: rplacido@rlattorneys.com;

Attorneys for Plaintiff, SHANNA HESKETH dba TRAUMA LAW CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHANNA HESKETH, an individual doing business as TRAUMA LAW CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> TRAUMA LAW, PC, a California professional corporation; and ERICA CHAVEZ, an individual, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. Federal Trademark Infringement (15 U.S.C. § 1114) <br><br> 2. False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a)) <br><br> 3. Common Law Trademark Infringement (California) <br><br> 4. Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.) <br><br> 5. Common Law Unfair Competition (California) <br><br> 6. Cybersquatting (15 U.S.C. § 1125(d)) <br><br> **DEMAND FOR JURY TRIAL** |

-1-
**COMPLAINT**

Plaintiff SHANNA HESKETH, an individual doing business as TRAUMA LAW CALIFORNIA ("Plaintiff" or "Hesketh"), by and through her undersigned counsel, alleges as follows against defendants TRAUMA LAW, PC and ERICA CHAVEZ (collectively, "Defendants"):

## I.  THE PARTIES

1.     Plaintiff SHANNA HESKETH is, and at all times relevant to this Complaint has been, an individual residing in the City of Fresno, County of Fresno, State of California. Plaintiff is the sole proprietor of, and conducts business as, TRAUMA LAW CALIFORNIA, an unincorporated sole proprietorship engaged in the practice of law in the State of California, with a primary focus on personal-injury and criminal-defense representation.

2.     Defendant TRAUMA LAW, PC ("Trauma Law") is, and at all times relevant to this Complaint has been, a California professional corporation with its principal place of business located at 2601 Airport Drive, Suite 250, Torrance, California 90505, in the County of Los Angeles. Trauma Law is engaged in the business of providing legal services, including personal-injury legal services, in the State of California.

3.     Defendant ERICA CHAVEZ ("Chavez") is, and at all times relevant to this Complaint has been, an individual residing in the State of California, and is the Chief Executive Officer of Defendant Trauma Law, PC. Plaintiff is informed and believes, and on that basis alleges, that Chavez personally selected, authorized, and approved the adoption and continued use by Trauma Law, PC of the infringing designations described herein, and that she has been at all relevant times the moving, active, and conscious force behind Trauma Law, PC's infringing conduct.

## II.  JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (claims arising under the Acts of Congress relating to trademarks). Plaintiff's First, Second, and Sixth Causes of Action arise under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

///

///

**COMPLAINT**

5.     This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.     This Court has personal jurisdiction over each Defendant because each Defendant is domiciled in the State of California, has continuous and systematic contacts with the State, and has committed the acts of infringement and unfair competition alleged in this Complaint within this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because each Defendant resides in this District and because a substantial part of the events giving rise to Plaintiff's claims, including Defendants' offering, advertising, and provision of legal services under the infringing designations, has occurred and continues to occur in this District.

8.     Intradistrict venue is proper in the Western Division of this District pursuant to Local Rule 83-1.2 because Defendants' principal place of business and the situs of the acts complained of are located in the County of Los Angeles.

### III.  FACTUAL ALLEGATIONS

**A.  PLAINTIFF'S ADOPTION AND USE OF THE TRAUMA LAW CALIFORNIA MARK**

9.     Since at least as early as July 1, 2022, Plaintiff has continuously used the service mark TRAUMA LAW CALIFORNIA (the "Mark") in interstate and intrastate commerce in connection with the offering and provision of legal services, including without limitation personal-injury and criminal-defense legal representation, throughout the State of California.

10.    Plaintiff promotes, markets, and provides her legal services under the Mark through, among other channels, her website located at https://traumalawca.com, her Instagram presence at https://instagram.com/traumalawca, other social-media platforms, professional networks, client referrals, and direct client communications.

11.    Through Plaintiff's continuous and substantially exclusive use of the Mark in California since July 1, 2022; her ongoing investment in advertising and promotion of her legal

**COMPLAINT**

services under the Mark, including through her website at https://traumalawca.com and her social-media presence; the substantial volume of clients served and legal services rendered under the Mark; the Mark's established place in the California personal-injury and criminal-defense legal market; and the widespread recognition of the Mark by clients, prospective clients, insurers, claims adjusters, medical providers, courts, litigation vendors, and case-referral sources who recognize and refer to Plaintiff's law practice by the name Trauma Law California, the Mark has come to identify Plaintiff as the exclusive source of the legal services offered under it and has acquired substantial goodwill, distinctiveness, and secondary meaning among the relevant consuming public in California. The Mark is inherently distinctive as applied to Plaintiff's services; alternatively, and in any event, the Mark had acquired distinctiveness and secondary meaning in the State of California well before Defendants' first use of the Infringing Designation in June 2024, as further confirmed by Defendants' deliberate adoption of the dominant, non-disclaimed TRAUMA LAW portion of the Mark with knowledge of Plaintiff's prior and superior rights.

### B.  PLAINTIFF'S FEDERAL TRADEMARK REGISTRATION

12. On September 26, 2024, Plaintiff filed with the United States Patent and Trademark Office ("USPTO") an application for federal registration of the Mark as a standard-character service mark in International Class 045 for legal services, which was assigned Application Serial No. 98/772,440. The application claimed July 1, 2022 as the date of first use and first use in commerce.

13. On September 16, 2025, the USPTO issued to Plaintiff U.S. Trademark Registration No. 7,943,894 for the standard-character service mark TRAUMA LAW CALIFORNIA on the Principal Register in International Class 045 for legal services (the "Registration"). No claim is made to the exclusive right to use the words "CALIFORNIA" or "LAW" apart from the Mark as shown. A true and correct copy of the Registration certificate is attached hereto as Exhibit A and incorporated herein by reference. The Registration is summarized in the following table:

///

**COMPLAINT**

| Mark | Reg. No.<br>Reg. Date | Goods and Services (Summary) |
|---|---|---|
| TRAUMA LAW CALIFORNIA<br>(Standard Characters) | 7,943,894<br>9-16-2025 | Legal services, in International Class 045. Date of first use and first use in commerce: July 1, 2022. Application Serial No. 98/772,440 (filed September 26, 2024). No claim is made to the exclusive right to use "CALIFORNIA" or "LAW" apart from the mark as shown. |

14. Pursuant to 15 U.S.C. § 1057(b), the Registration is prima facie evidence of the validity of the registered Mark and of its registration, of Plaintiff's ownership of the Mark, and of Plaintiff's exclusive right to use the registered Mark in commerce in connection with the services identified in the Registration. Pursuant to 15 U.S.C. § 1072, the Registration constitutes constructive notice to Defendants and to all other persons of Plaintiff's claim of ownership of the Mark.

## C. DEFENDANTS' INFRINGING CONDUCT

15. Plaintiff is informed and believes, and on that basis alleges, that Defendants began using the designation TRAUMA LAW (together with the equivalent forms TRAUMALAW and TraumaLaw, the "Infringing Designation") in commerce in California in connection with the offering, advertising, and provision of personal-injury legal services no earlier than June 2024 — nearly two years after Plaintiff's first use of the Mark and approximately three months before Plaintiff's federal application matured into the Registration.

16. Defendants use the Infringing Designation prominently and as a source identifier in connection with their legal-services business through, among other channels, their business listing on Yelp under the heading "TraumaLaw" / "TRAUMALAW" (updated as of March 2025), other online directories and review platforms, print and digital marketing materials, and signage.

17. Defendants further use the Infringing Designation by owning, operating, and conducting business through the domain name traumalaw.com (the "Infringing Domain"). The Infringing Domain consists in its entirety of the dominant non-disclaimed portion of Plaintiff's Mark and is, on its face, confusingly similar to Plaintiff's TRAUMA LAW CALIFORNIA mark. On information and belief, Defendants registered, acquired, or otherwise obtained control of the Infringing Domain at a time when Plaintiff had been continuously and openly using the Mark in California for two or more years.

18. The legal services that Defendants offer and provide under the Infringing Designation are identical to, or directly competitive with, the legal services that Plaintiff offers and provides under the Mark. The parties' services are marketed through overlapping channels to overlapping classes of consumers throughout California.

**D.  PRE-SUIT NOTICE AND DEFENDANTS' CONTINUED INFRINGEMENT**

19. On September 30, 2024, Plaintiff, through then-counsel, transmitted a written cease-and-desist letter to Defendant Chavez at her individual electronic mail address (ec@ericachavezlaw.com). The letter notified Defendants of Plaintiff's prior and superior rights in the Mark, of Plaintiff's then-pending federal application, of Defendants' infringement, and of Plaintiff's demand that Defendants discontinue use of the Infringing Designation. A true and correct copy of the September 30, 2024 letter is attached hereto as Exhibit B and incorporated herein by reference.

20. Defendants did not cease use of the Infringing Designation. Instead, Defendants responded through their counsel, Liz Oliner of Oliner Law PC.

21. On October 16, 2024, Plaintiff, through then-counsel, transmitted a written follow-up cease-and-desist letter to Ms. Oliner. That letter reiterated Plaintiff's priority of use since July 1, 2022, identified Defendants' conduct as a violation of the Lanham Act, 15 U.S.C. § 1125(a), and informed Defendants that actual consumer confusion had already occurred — including instances in which clients and colleagues mistakenly contacted Plaintiff's office believing that they were reaching Defendants. The letter further warned Defendants that

-6-
**COMPLAINT**

continued use would result in litigation. A true and correct copy of the October 16, 2024 letter is attached hereto as Exhibit C and incorporated herein by reference.

22. Notwithstanding actual written notice of Plaintiff's rights, Plaintiff's first use, Plaintiff's then-pending federal application, the issuance of the Registration on September 16, 2025, and documented actual confusion in the marketplace, Defendants have continued, and continue today, to use the Infringing Designation and the Infringing Domain in connection with the offering, advertising, and provision of legal services in California.

### E.  ACTUAL CONFUSION

23. Defendants' use of the Infringing Designation and the Infringing Domain has caused, and continues to cause, actual confusion in the marketplace on a recurring and documented basis. Since the third quarter of 2024 and continuing through the present, persons and entities throughout the personal-injury ecosystem — including prospective clients, Defendants' own existing clients, insurance carriers and claims adjusters, medical providers and medical-lien holders, other law firms, litigation vendors and process servers, mediation and ADR providers, and case-referral sources — have repeatedly contacted, transmitted documents to, or directed legal process to Plaintiff's office in the mistaken belief that Plaintiff's TRAUMA LAW CALIFORNIA practice is Defendants' TRAUMA LAW practice, is affiliated with it, or is otherwise the correct recipient of communications intended for Defendants.

24. Plaintiff's office maintains a contemporaneous log of telephone calls misdirected to Plaintiff that were intended for Defendants. That log reflects dozens of such calls, a representative sample of which includes: a call from an AAA insurance adjuster asking for Erica Chavez (September 27, 2024); a call from America First Insurance asking for Erica Chavez (October 3, 2024); a call asking for an individual at Erica Chavez's firm (October 4, 2024); numerous calls expressly "calling for the other trauma law" or asking for named Trauma Law, PC personnel (including October 7 and 23 and November 4, 11, 12, 19, and 20, 2024, and March 7, 2025); a prospective client with a slip-and-fall matter in Stockton intended for Defendants (November 17, 2024); a case-referral source seeking Defendants

**COMPLAINT**

regarding an unpaid referral fee (July 11 and 18, 2025); a medical imaging provider seeking Defendants (March 24, 2026); a doctor's office inquiring about subpoenas directed to Defendants (January 6, 2026); and an ADR/mediation provider seeking payment of Defendants' mediation invoice in a matter Plaintiff does not handle (December 31, 2025). A true and correct compilation of representative records of these misdirected communications is attached hereto as Exhibit E and incorporated herein by reference.

25. Insurance carriers have misdirected written claim correspondence to Plaintiff under the mistaken belief that Plaintiff represents claimants who are in fact represented by Defendants. By letter dated September 25, 2024, CSAA Insurance Exchange (AAA) addressed and transmitted to "Trauma Law California" at Plaintiff's Fresno address a bodily-injury claim letter concerning an insured and claimant whom Plaintiff has never represented. A true and correct copy of that letter is attached hereto as Exhibit D-1 and incorporated herein by reference.

26. Medical providers and medical-lien holders have misdirected lien correspondence to Plaintiff under the mistaken belief that the patients are Plaintiff's clients. On August 2, 2024, Precise Imaging transmitted by facsimile to "TRAUMA LAW CALIFORNIA," at Plaintiff's telephone and facsimile numbers, a "Lien Signature Request" concerning a patient Plaintiff has never represented; and in December 2024, a diagnostic-imaging lien holder transmitted to Plaintiff's facsimile number repeated medical-lien requests concerning another patient Plaintiff has never represented. True and correct copies of representative misdirected medical-lien correspondence are attached hereto as Exhibit D-2 and incorporated herein by reference.

27. Other law firms have misdirected formal legal correspondence to Plaintiff under the mistaken belief that Plaintiff is the "Trauma Law" firm that previously represented their newly retained clients. By letter dated November 8, 2024, sent via facsimile and certified mail, Wilshire Law Firm, PLC addressed to "Trauma Law" at Plaintiff's Fresno address (1724 Broadway Street #2, Fresno, CA 93721) a substitution-of-attorney demand instructing the recipient to immediately cease all work and transmit the entire client file in

a matter in which Plaintiff was never counsel. A true and correct copy of that correspondence is attached hereto as Exhibit D-3 and incorporated herein by reference.

28. Legal process intended for, or concerning, Defendants has been directed to Plaintiff. In November 2025, a subpoena duces tecum issued in a Workers' Compensation Appeals Board matter captioned against "Trauma Law" was directed to a "Trauma Law" custodian of records in Fresno, and doctors' offices and litigation vendors have separately contacted Plaintiff regarding subpoenas and records requests intended for Defendants. A true and correct copy of representative misdirected legal process is attached hereto as Exhibit D-4 and incorporated herein by reference.

29. Confusion has also propagated through Defendants' own provider and referral networks and is tied directly to Defendants' use of the Infringing Domain. In or about May 2026, a medical intake/records source forwarded to Plaintiff an email originating from "Trauma Law" at the address maa@traumalaw.com — an email account at Defendants' Infringing Domain — requesting confirmation of a treatment appointment for a client whom Plaintiff has never represented, under the mistaken belief that Plaintiff and Defendants are the same or affiliated firms. A true and correct copy of that communication is attached hereto as Exhibit D-5 and incorporated herein by reference.

30. Because Defendants advertise and market personal-injury legal services in California, the confusion described above operates in substantial part as reverse confusion: insurance carriers, medical providers, litigation vendors, referral sources, and consumers have come to assume that Plaintiff's senior TRAUMA LAW CALIFORNIA practice is the same as, a branch of, or affiliated with Defendants' junior TRAUMA LAW practice. As a result, Plaintiff has been wrongly associated in the marketplace with Defendants' obligations and conduct — including unpaid case-referral fees, an unpaid mediation/ADR invoice, and unpaid or unsigned medical liens — thereby injuring the distinct goodwill and professional reputation Plaintiff has built in the Mark and impairing Plaintiff's control over her own commercial identity.

///

-9-

**COMPLAINT**

31. The actual confusion described above is continuing and has persisted after issuance of the Registration on September 16, 2025. Documented instances of misdirected telephone calls, correspondence, and legal process intended for Defendants reached Plaintiff on, among other dates, October 16, October 24, November 7, November 14, and November 26 and December 31, 2025, and January 6, February 6, March 24, and April 1, 2026. Defendants' continued use of the Infringing Designation and the Infringing Domain after written notice of Plaintiff's superior rights and after issuance of the Registration — in the face of this ongoing and documented confusion — is knowing, deliberate, and willful.

### F.  INDIVIDUAL LIABILITY OF DEFENDANT CHAVEZ

32. Plaintiff is informed and believes, and on that basis alleges, that Defendant Chavez personally directed, authorized, approved, ratified, and participated in each act of infringement and unfair competition alleged herein, including without limitation the selection and adoption of the Infringing Designation, the registration or acquisition and use of the Infringing Domain, the marketing and advertising of legal services under the Infringing Designation, the receipt of and response to Plaintiff's pre-suit cease-and-desist letters, and the decision to continue use of the Infringing Designation and the Infringing Domain after written notice and after issuance of the Registration. Defendant Chavez is, by reason of the foregoing, personally liable as a moving, active, and conscious force behind Defendant Trauma Law, PC's infringing conduct.

### FIRST CAUSE OF ACTION

**(Federal Trademark Infringement — 15 U.S.C. § 1114 — Against All Defendants)**

33. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

34. Plaintiff is the owner of U.S. Trademark Registration No. 7,943,894 for the standard-character service mark TRAUMA LAW CALIFORNIA on the Principal Register, valid and subsisting and entitling Plaintiff to the statutory presumptions of validity, ownership, and exclusive right to use under 15 U.S.C. § 1057(b).

**COMPLAINT**

35. Without Plaintiff's authorization or consent, Defendants have used in commerce, and continue to use in commerce, reproductions, counterfeits, copies, and colorable imitations of Plaintiff's registered Mark — specifically, the Infringing Designation and the Infringing Domain — in connection with the sale, offering for sale, distribution, and advertising of legal services.

36. Defendants' use of the Infringing Designation and the Infringing Domain in connection with legal services that are identical to those identified in the Registration is likely to cause, has caused, and continues to cause confusion, mistake, and deception among consumers and the trade as to the source, sponsorship, affiliation, or endorsement of Defendants' services, in violation of 15 U.S.C. § 1114(1).

37. Defendants' infringing acts were and are willful and deliberate, having been undertaken and continued with full knowledge of Plaintiff's prior rights, of Plaintiff's federal application and Registration, and of the actual confusion already documented in the marketplace, and after receipt of repeated written cease-and-desist demands and calls attempting to resolve defendants' infringing conduct amicably.

38. By reason of Defendants' acts, Plaintiff has suffered, and will continue to suffer, irreparable injury for which Plaintiff has no adequate remedy at law. Unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's registered Mark, causing further immediate and irreparable injury to Plaintiff and to the goodwill associated with the Mark. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

39. Plaintiff is further entitled to recover Defendants' profits, Plaintiff's actual damages, and the costs of the action pursuant to 15 U.S.C. § 1117(a), and the Court is empowered to enter judgment for any sum above the amount of Plaintiff's actual damages, not exceeding three times such amount, on the basis of Defendants' willful infringement. Defendants' willful, deliberate, and repeated infringement after notice renders this an "exceptional case" under 15 U.S.C. § 1117(a), entitling Plaintiff to an award of reasonable attorneys' fees.

///

///

**COMPLAINT**

**SECOND CAUSE OF ACTION**

**(False Designation of Origin and Unfair Competition — 15 U.S.C. § 1125(a) — Against All Defendants)**

40. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

41. Plaintiff owns valid and protectable rights in the TRAUMA LAW CALIFORNIA mark as a result of Plaintiff's continuous use of the Mark in commerce since July 1, 2022, in addition to and independent of Plaintiff's rights under the Registration.

42. Without Plaintiff's authorization or consent, Defendants have used and continue to use in commerce, in connection with the offering, advertising, and provision of legal services, the Infringing Designation and the Infringing Domain — designations that are likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

43. Defendants' use of the Infringing Designation and the Infringing Domain constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and is actionable irrespective of registration. This claim reaches Defendants' infringing conduct beginning in June 2024 — including conduct that pre-dates issuance of the Registration.

44. Defendants' conduct has caused, and will continue to cause, Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to the same forms of relief described in connection with Plaintiff's First Cause of Action, including injunctive relief under 15 U.S.C. § 1116 and monetary relief under 15 U.S.C. § 1117(a).

**THIRD CAUSE OF ACTION**

**(Common Law Trademark Infringement — California — Against All Defendants)**

45. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

46. Plaintiff is the senior user of the TRAUMA LAW CALIFORNIA mark in the State of California, having used the Mark in commerce continuously since at least as early as July

**COMPLAINT**

1, 2022. The Mark identifies Plaintiff as the source of the legal services offered and provided under it, and is entitled to protection under California common law.

47. Defendants' use of the Infringing Designation and the Infringing Domain in the same California market, in connection with the same legal services, is likely to cause and has caused confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' services, and constitutes common-law trademark infringement under California law.

48. Defendants' acts have caused and will continue to cause Plaintiff damages in an amount to be proven at trial, as well as irreparable injury for which Plaintiff has no adequate remedy at law. Defendants' acts of common-law trademark infringement were and are willful, deliberate, malicious, and oppressive, undertaken with full knowledge of Plaintiff's prior and superior rights in the Mark and in conscious disregard of those rights, thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendants pursuant to California Civil Code § 3294.

## FOURTH CAUSE OF ACTION

### (Statutory Unfair Competition — Cal. Bus. & Prof. Code § 17200 et seq. — Against All Defendants)

49. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

50. Defendants' acts alleged herein constitute unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code § 17200 et seq. Defendants' acts are unlawful because they violate the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (d), and California common-law prohibitions against trademark infringement and unfair competition; they are unfair because they threaten and effect the misappropriation of Plaintiff's protected commercial identity in violation of established public policy and the spirit of the trademark laws; and they are fraudulent because they are likely to deceive a reasonable consumer as to the source, sponsorship, or affiliation of Defendants' legal services.

///

**COMPLAINT**

51. As a direct and proximate result of Defendants' violations of § 17200, Plaintiff has suffered injury in fact and has lost money and property, including without limitation lost client revenue, lost goodwill, and the costs of corrective advertising. Plaintiff has standing to bring this claim under California Business and Professions Code § 17204.

52. Plaintiff is entitled to injunctive relief and to restitution of all profits and benefits unlawfully obtained by Defendants as a result of their unlawful, unfair, and fraudulent business practices, pursuant to California Business and Professions Code § 17203, together with attorneys' fees as a private attorney general under California Code of Civil Procedure § 1021.5.

**FIFTH CAUSE OF ACTION**

**(Common Law Unfair Competition / Passing Off — California — Against All Defendants)**

53. Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

54. By virtue of Plaintiff's continuous and exclusive use of the TRAUMA LAW CALIFORNIA mark in California commerce since July 1, 2022, Plaintiff has acquired valuable goodwill and commercial identity associated with the Mark.

55. Defendants' use of the Infringing Designation and the Infringing Domain in connection with competing legal services in the same California market constitutes passing off of Defendants' services as those of, or as affiliated with, Plaintiff, in violation of California common law.

56. As a direct and proximate result of Defendants' acts, Plaintiff has suffered damages in an amount to be proven at trial, and is entitled to injunctive relief, monetary damages, and disgorgement of Defendants' profits. Defendants' passing off of their services as those of, or as affiliated with, Plaintiff was and is willful, deliberate, malicious, and oppressive, undertaken with full knowledge of Plaintiff's prior and superior rights and in conscious disregard of those rights, thereby entitling Plaintiff to an award of exemplary and punitive damages against Defendants pursuant to California Civil Code § 3294.

///

**COMPLAINT**

**SIXTH CAUSE OF ACTION**

**(Cybersquatting — 15 U.S.C. § 1125(d) — Against All Defendants)**

57.    Plaintiff incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

58.    Plaintiff's TRAUMA LAW CALIFORNIA mark was distinctive at the time Defendants registered, acquired, or otherwise obtained control of the Infringing Domain traumalaw.com, by virtue of Plaintiff's continuous use of the Mark in California commerce since July 1, 2022 and the goodwill that had accrued to the Mark by that time.

59.    The Infringing Domain traumalaw.com is identical to, or confusingly similar to, Plaintiff's Mark in that it wholly incorporates the dominant non-disclaimed portion of the Mark.

60.    Defendants registered, used, and continue to use the Infringing Domain with a bad-faith intent to profit from Plaintiff's Mark, within the meaning of 15 U.S.C. § 1125(d)(1)(B). Plaintiff is informed and believes, and on that basis alleges, that the indicia of bad faith identified in § 1125(d)(1)(B)(i) are present here, including without limitation that: (a) Defendants have no trademark or other intellectual-property rights in TRAUMA LAW; (b) the Infringing Domain does not consist of the legal name of either Defendant or a name commonly used to identify either Defendant; (c) Defendants made no prior bona fide noncommercial or fair use of the Mark; (d) Defendants registered or used the Infringing Domain with intent to divert consumers from Plaintiff's online location (https://traumalawca.com) to Defendants' website, for Defendants' commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' site; and (e) Defendants persisted in registration and use of the Infringing Domain after written notice of Plaintiff's superior rights and after issuance of the Registration.

61.    Plaintiff is entitled to an order, pursuant to 15 U.S.C. § 1125(d)(1)(C), directing the transfer or forfeiture of the Infringing Domain to Plaintiff. Plaintiff is further entitled, at her election in lieu of actual damages and profits, to an award of statutory damages of not less

than $1,000 and not more than $100,000 per infringing domain name, pursuant to 15 U.S.C. § 1117(d), together with injunctive relief, costs, and attorneys' fees in this exceptional case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shanna Hesketh prays for judgment against Defendants Trauma Law, PC and Erica Chavez, jointly and severally, as follows:

1. For a preliminary and permanent injunction enjoining Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, from using the designations TRAUMA LAW, TRAUMALAW, or any other designation confusingly similar to Plaintiff's TRAUMA LAW CALIFORNIA mark, in connection with the offering, advertising, or provision of legal services, pursuant to 15 U.S.C. § 1116, Cal. Bus. & Prof. Code § 17203, and California common law;

2. For an order pursuant to 15 U.S.C. § 1125(d)(1)(C) directing the transfer or forfeiture of the domain name traumalaw.com to Plaintiff;

3. For an order pursuant to 15 U.S.C. § 1118 directing Defendants to deliver up for destruction all advertisements, signage, marketing materials, business cards, stationery, internet content, and other materials in Defendants' possession or control bearing the Infringing Designation;

4. For an accounting and award of Defendants' profits derived from their infringing use of the Mark and the Infringing Domain, pursuant to 15 U.S.C. § 1117(a);

5. For Plaintiff's actual damages in an amount to be proven at trial, together with an enhancement of up to three times that amount as authorized by 15 U.S.C. § 1117(a);

6. For exemplary and punitive damages against Defendants according to proof on Plaintiff's Third and Fifth Causes of Action, pursuant to California Civil Code § 3294;

7. In lieu of actual damages and profits at Plaintiff's election with respect to the Sixth Cause of Action, for statutory damages of up to $100,000 per infringing domain name pursuant to 15 U.S.C. § 1117(d);

///

**COMPLAINT**

8.     For restitution and disgorgement of all monies and benefits Defendants have wrongfully obtained as a result of the conduct alleged herein, pursuant to Cal. Bus. & Prof. Code § 17203;

9.     For Plaintiff's reasonable attorneys' fees in this exceptional case pursuant to 15 U.S.C. § 1117(a) and (d), and as a private attorney general pursuant to Cal. Code Civ. P. § 1021.5;

10.    For the costs of suit incurred herein;

11.    For pre-judgment and post-judgment interest at the maximum rate permitted by law; and

12.    For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Shanna Hesketh hereby demands a trial by jury of all issues so triable in this action.

Dated: June 29, 2026                              **RESNICK & LOUIS, P.C.**

By: /s/ Richard J. Placido
Richard J. Placido,
Attorney for Plaintiff, SHANNA HESKETH
dba TRAUMA LAW CALIFORNIA

**COMPLAINT**

# EXHIBIT A

U.S. Trademark Registration No. 7,943,894 (TRAUMA LAW CALIFORNIA)



# United States of America
### United States Patent and Trademark Office

# Trauma Law California

**Reg. No. 7,943,894**

**Registered Sep. 16, 2025**

**Int. Cl.: 45**

**Service Mark**

**Principal Register**

Shanna Hesketh (UNITED STATES INDIVIDUAL), Trauma Law California
1724 Broadway St. #2
Fresno, CALIFORNIA 93721

CLASS 45: Legal services

FIRST USE 7-1-2022; IN COMMERCE 7-1-2022

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO
ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as
shown: "CALIFORNIA" or "LAW"

SER. NO. 98-772,440, FILED 09-26-2024



Acting Director of the United States Patent and Trademark Office



> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years  after  the  registration date.  See  15  U.S.C. §§1058, 1141k.  If  the  declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You  must  file  a  Declaration  of  Use  (or  Excusable  Nonuse)  and  an  Application  for  Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal  applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid  Protocol,  before  the  expiration  of  each  ten-year  term  of  protection,  calculated  from  the  date  of  the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees  and  requirements  for  maintaining  registrations  are  subject  to  change.   Please  check  the USPTO  website  for  further  information.  With  the  exception  of  renewal  applications  for  registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders  who  authorize  e-mail  communication  and  maintain  a  current  e-mail  address  with  the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

Cease-and-Desist Letter to Erica Chavez, dated September 30, 2024

**Richard J. Placido**
*Attorney at Law*



**PETERSON WATTS**
LAW GROUP, LLP

Erica Chavez
2601 Airport Dr., Ste. 250
Torrance, CA 90505-6141
September 30, 2024
ec@ericachavezlaw.com

<u>via email</u>

Re: Unauthorized Use of / Application for Registration of Trauma Law

Dear Ms. Chavez:

This office represents Shanna Hesketh dba Trauma Law California ("Ms. Hesketh") in connection with certain trademark and unfair competition matters. Ms. Hesketh is and has been engaged in the development, manufacture, and sale of legal services related to personal injury and criminal defense and has built a successful business in connection therewith. Since at least as early as July 1, 2022, our client has continuously used Trauma Law California as a mark, and as a component of marks, in connection with the services she offers. The nature and extent of Ms. Hesketh's business may be seen at her website, traumalaca.com.

Ms. Hesketh has taken steps to protect her Trauma Law California mark in the United States of America and California and has applied for trademark registrations in both jurisdictions for Trauma Law California for legal services.

You will appreciate that the Trauma Law California mark is a valuable asset of Ms. Hesketh, and it is our client's policy and practice to protect her marks from encroachment.

It has come to our client's attention and is of concern that you are using Trauma Law in connection with goods/services, namely personal injury legal services, which are the same as those offered by our client under her trademark. The goods/services are such that they would be directed to overlapping classes of purchasers through overlapping classes of trade. Given the similarities between the Trauma Law California and Trauma Law

2267 Lava Ridge Court, Suite 210, Roseville, CA 95661; Phone: (916) 780-8222; Fax: (916) 780-8775

– 2 –                                                                                    September 30, 2024

trademarks, and the similarities between the goods/services provided in connection with the respective trademarks, there appears to be a likelihood of confusion as to the source of the goods/services or a sponsorship, affiliation, or some other relationship between Ms. Hesketh and Trauma Law.

Accordingly, we request on behalf of Ms. Hesketh that you promptly initiate steps to discontinue use of Trauma Law as a mark or name, or as a component of any mark or name or domain name, in connection with legal services. Ms. Hesketh is prepared to allow Trauma Law, P.C., a reasonable time period not to exceed one (1) month, to transition to a new name/mark that does not include Trauma Law.

If you have counsel, we ask that its counsel advise us of the intentions of Trauma Law, P.C. in this matter by close of business on October 7, 2024. Otherwise, we look to hear from you by such date as to the intentions of the company.

Any offer of compromise is without prejudice to any claim or demand that may be made in the event we are unable to reach an amicable resolution.

Very truly yours,

Richard J. Placido

# EXHIBIT C

Follow-Up Cease-and-Desist Letter to Liz Oliner, dated October 16, 2024

**Richard J. Placido**
*Attorney at Law*



**PETERSON WATTS**
LAW GROUP, LLP

Liz Oliner
Oliner Law PC
345 Grove St. 2nd Floor
San Francisco, CA 94102
October 16, 2024
liz@olinerlaw.com

via email

Re: Unauthorized Use of / Application for Registration of Trauma Law

Dear Ms. Oliner:

I hope this finds you well. I have reviewed your letter and must respectfully reiterate that your client's use of the **TRAUMA LAW** mark is infringing upon my client's prior and superior rights to the mark.

First, my client, **Ms. Hesketh**, has been using the **TRAUMA LAW** mark in connection with her legal services, specifically personal injury and criminal defense, since **July 1, 2022**. The mark is well known among her clients and the broader community, particularly due to her widespread presence on social media and professional platforms. This qualifies as bona fide use in commerce under the Lanham Act, and as such, my client has established clear priority over the mark.

Second, my client has filed a trademark application with the USPTO to register the **TRAUMA LAW** mark, well before your client. As you are aware, under U.S. trademark law, filing an application provides constructive notice of ownership and a clear indication of the intent to secure exclusive rights to the mark. This, coupled with my client's continuous and active use in commerce, further solidifies her ownership of the mark and entitles her to its full protection under federal and state law.

The fact that your client did not begin using **TRAUMA LAW** until June 2024 does not grant her superior rights, despite her years of experience in personal injury law. On the contrary, her use constitutes willful infringement on my client's established rights, in direct violation of the Lanham Act, 15 U.S.C. §1125(a), as well as relevant California state law. Your client's actions have already led to confusion in the marketplace, with

– 2 –                                                                                                    October 16, 2024

clients and colleagues contacting my client's office mistakenly believing they are reaching your client. This serves as a clear indication of actual consumer confusion, a key factor in trademark infringement cases.

It is important to understand that my client takes her trademark rights seriously. Any continued use of **TRAUMA LAW** by your client will result in the immediate initiation of legal proceedings, including a federal trademark infringement lawsuit seeking injunctive relief, damages, and attorneys' fees under 15 U.S.C. §1117.

While we are open to an amicable resolution, this can only occur if your client **immediately ceases all use** of the **TRAUMA LAW** mark in connection with legal services, including but not limited to removing the mark from any marketing materials, websites, and social media platforms. Failure to comply will force my client to pursue all available remedies to protect her brand and reputation.

Please confirm in writing that your client has ceased all use of the mark. If this issue is not promptly resolved, we will move forward with legal action.

Very truly yours,

Richard J. Placido

# EXHIBIT D

Representative Third-Party Documents Misdirected to Plaintiff (D-1 through D-5) [REDACTED]

# EXHIBIT D-1

CSAA Insurance Exchange (AAA) bodily-injury claim letter to Trauma
Law California, Sept. 25, 2024

## f9b28047-...rotected.pdf



CSAA Insurance Exchange
PO Box 24523
Oakland, CA 94623-1523

TRAUMA LAW CALIFORNIA
1724 BROADWAY ST
# 2
FRESNO, CA 93721–1621





**OUR CLAIM**
Our claim num
Our policyhold
Date of inciden
**Your client**


**Questions about your claim?**

Erica Sherwood
**702.790.5164**
Or 888.335.2722, Ext. 7905164
Regular Claims Center hours are
Monday – Friday 8:00 AM – 6:00 PM,
Eastern Time

September 25, 2024

Dear Trauma Law California:

| | |
|---|---|
| **What you need to know** | This letter is to inform you that I have been assigned to handle the bodily injury portion of the claim. |
| **What you need to do** | There is no action required on your part at this time. |
| **How to contact us** | Regular business hours are Monday through Friday 8:00 AM – 6:00 PM Eastern Time, however you can leave a voicemail 24 hours a day, 7 days a week. Every effort will be made to return voicemails received outside regular business hours the next business day. |

Sincerely,

*Erica Sherwood*

# EXHIBIT D-2

Misdirected medical-lien correspondence (Precise Imaging, Aug. 2, 2024; SRI/RadNet, Dec. 2024)

08-02-2024 10:25Precise ImagingATT LIEN REM (PSL) —  TRAUMA LAW CALIFORNIA — PRE▮



# LIEN SIGNATURE REQUEST COVER PAGE

| To: | TRAUMA LAW CALIFORNIA | From: | Precise Imaging |
|---|---|---|---|
| Fax: | (559) 490-1227 | Pages: | 4 |
| Phone: | (559) 490-1226 | Date: | 8/2/2024 10:24:24 AM |
| Patient Name: | ▮▮▮ ▮▮▮ | PatientID: | ▮▮▮ |
| Referring Physician: | ▮▮▮ (SAN JOSE) ▮▮▮ | PatientDOB: | ▮▮▮ |

## Reminder

## *Immediate Attention Required*

**\*Precise Imaging requires a signed lien before any billing is distributed to any offices\***

If you do not represent this patient or patient was dropped, please notify us promptly.

If your office represents this patient, please sign and return lien immediately within 14 days to assure proper handling of billing and records.

Patient/Client could possibly be billed or file could be sent to our collections department.

**If you need any additional documents, liens or bills please submit an online inquiry here:**
**www.PreciseMRI.com/request**

**Thank You**

**Email: billing@precisemri.com**
**Fax: 888-777-4356**
**Phone: 818-907-7723 ext 9004**

IMPORTANT: This facsimile transmission contains confidential information, some or all of which may be protected health information as defined by the federal Health Insurance Portability & Accountability Act (HIPAA) Privacy Rule. This transmission is intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any disclosure, dissemination, distribution or copying of this information is strictly prohibited and may be subject to legal

# Fax

**Date:**      12/12/2024 8:18:50 AM

**To:**       5594901227
**From:**     Christina L. Dentley

**Subject:**   Fw: SRI- Trauma Law Lien ████████████████████████

Hello,

Please see attached lien. MD. ████████ ████████ is requesting MR C-Spine w/o and MR (R) Shoulder. Please fax lien signature to (707) 579-1457.

Thank you.

---

From: Christina L. Dentley
Sent: Thursday, December 5, 2024 8:07 AM
To: 2133413500@efax.radnet.com
Subject: Fw: SRI- Trauma Law Lien ███████ █████ ████████

Hello,

Please see attached lien. MD. ███████ ███████ is requesting MR C-Spine w/o and MR (R) Shoulder. Please fax lien signature to (707) 579-1457.

Thank you.

---

From: Christina L. Dentley
Sent: Monday, December 2, 2024 8:13 AM
To: 2133413500@efax.radnet.com

# EXHIBIT D-3

Wilshire Law Firm substitution-of-attorney demand to Trauma Law,
Nov. 8, 2024

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010
Tel:  (213) 381-9988
Fax: (213) 381-9989
wilshirelawfirm.com



Sean Paisan, Esq.
Colin M. Jones, Esq.
Jon Teller, Esq.
Gavin Long, Esq.
Tae Kim, Esq.
Daniel DeSantis, Esq.
Jennifer P. Burkes, Esq.
Mary Caruso, Esq.

Stephanie Mazepa, Esq.
Oscar Roesler, Esq.
Davida Frieman, Esq.
Ariella Perry, Esq.
Hazel Chang, Esq.
Sutton A. Shapiro, Esq.
Rene Ucros, Esq.

November 08, 2024

**SENT VIA FACSIMILE AND U.S. CERTIFIED MAIL**
**Return Receipt 9489 0090 0027 6638 8198 05**
Trauma Law
1724 Broadway Street #2
Fresno, CA 93721
Tel.: (559)490-1226
Fax:  559-490-1227

### IMMEDIATE ATTENTION REQUIRED – SUBSTITUTION OF ATTORNEY

**RE:**               ███████████████

**Date of Loss  :**        **September 07, 2024**

Dear Trauma Law,

This office has been retained to represent the above referenced client in  claim for personal injuries arising on the above date of loss.  This is a formal demand from my client that you cease from doing any work on the above referenced matter immediately.  Please see the attached Designation of Attorney, executed by my client.

***Please immediately cease from any further work on this case.***

***Do not contact our client.***

***Immediately send the entire contents of the file to my office.***

Thank you for your prompt attention in this matter.  Should you have any questions or if there is a pending hearing in this matter, please contact the undersigned.

Very truly yours,

**Lisa Nhan**
**Case Manager to**
**Megan Koster, Esq.**

MK / dt
Enclosure:  Designation of Attorney

# EXHIBIT D-4

WCAB subpoena duces tecum directed to a Trauma Law custodian, Nov. 2025

Control # 132957-2

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF INDUSTRIAL ACCIDENTS
WORKER'S COMPENSATION APPEALS BOARD

Case No. ADJ21509675

**(IF APPLICATION HAS BEEN FILED CASE NUMBER
MUST BE INDICATED REGARDLESS OF DATE INJURY)**

█████████

Claimant/Applicant

vs.

Trauma Law /
Employers Preferred Insurance Company

**SUBPOENA DUCES TECUM**

**(When records are mailed, identify then by using above
case number or attaching a copy of a subpoena)**

**(NO APPEARENCE IS NECESSARY WHEN RECORDS ARE
PRODUCED BY DEPOSITION DATE.)**

*People of the State of California Send Greetings to:*
**We COMMAND YOU to appear before: PLATINUM COPY**

Trauma Law HR DEPT
1060 Fulton St Suite 806
Fresno, California, 93721

at  P.O. Box 353 Van Nuys, CA 91408   PH (818) 985-8885   FX (818) 985-8822

on the      30      day of      November      █████      at      9:00      o'clock      A.M. to testify in the above-
entitled matter and to bring with you and produce the following described documents, papers, books, records:

1) Entire non-privileged PERSONNEL FILE , any and all Documents pertaining to the employee, including: application for employment, Employee handbooks, pre-employment exam records, Employee progress reviews, work absence, attendance, description of job duties, job descriptions, incident reports, injury reports, disciplinary actions, layoff or termination documentation, memos, notes, MEDICAL records, Workers Compensation records and disability claims. All offers of regular or modified work, all accommodation meeting minutes or efforts. 2) Entire EARNINGS of the employee, bonuses, commissions, all PAYROLL and WAGE information including all pay stubs, wage statements, time sheets and W-2s. 3) All disciplinary actions, correspondence, memos, and notes (Excluding all privileged documents) 4) Any and all Material Data Safety Sheets for the time period of the applicants employment.
A█████████████████████████████████████████████████████████████████

APPLICANT: ████████      DOB: ████████      SS#: ████████      DOI: ████████      CLAIM#: ████████

(Do not produce X rays unless specifically mentioned above.)

For failure to attend as required, you may be deemed guilty of contempt and liability to pay to the parties aggrieved all
losses and damages sustained thereby and forfeit one hundred dollars in addition thereto.

This subpoena is issued at the request of the person making the declaration on the reverse hereof, or on the copy which is
Served herewith

Date      November 10      █████



WORKERS COMPENSATION APPEALS BOARD
OF THE STATE OF CALIFORNIA

*Secretary, Assistant Secretary, Workers Compensation Judge*

Date      October 31, █████

You are directed to make the original records available for inspection and copying at the address of the Deposition Officer given above or, with the consent of the Deposition Officer, at your place of business during normal business hours in accordance with California Evidence Code Section 1560(e). Do not release the requested records to the deposition officer prior to the date and time stated above.

**SEE RESERVE SIDE**
**[SUBPOENA INVALID WITHOUT DECLARATION]**

*This subpoena does not apply to any member of the Highway Patrol, Sheriffs Office or city Police Department unless accompanied by notice from the Board that deposit of the witness fee has been made in accordance with Government code 6809 7.2, at seq.*

You may fully comply with this subpoena by mailing the records described (or authenticated copies, Evidence Code 1561) to the person and place stated above within ten (10) days of the date of service of this subpoena.

DIA WCAB 32 (Side 1)(Rev. 06/94)      _____

# EXHIBIT D-5

Email from maa@traumalaw.com propagated through Defendants'
provider network, May 2026



# EXHIBIT E

Representative Compilation of Misdirected Telephone Calls (Index +
Native Records) [REDACTED]

# EXHIBIT E

## Representative Compilation of Misdirected Telephone Calls and Communications Intended for Defendants

The following is a representative chronological index of telephone calls and communications misdirected to Plaintiff's office that were intended for Defendants, drawn from the office's contemporaneous records maintained by Plaintiff and her staff. Entries dated on or after September 16, 2025 postdate the issuance of U.S. Trademark Registration No. 7,943,894. Representative native records follow this index; the complete universe of records is retained and available.

| No. | Date | Caller / Source | Whom the Caller Sought |
|---|---|---|---|
| 1 | 09/27/2024 | AAA / CSAA insurance adjuster | Erica Chavez / Trauma Law, PC |
| 2 | 10/03/2024 | America First Insurance | Erica Chavez / Trauma Law, PC |
| 3 | 10/04/2024 | Caller | Individual at Erica Chavez's firm |
| 4 | 10/07/2024 | Caller | "The other Trauma Law" / Trauma Law, PC |
| 5 | 10/23/2024 | Caller | "The other Trauma Law" / named Trauma Law, PC personnel |
| 6 | 11/04/2024 | Caller | "The other Trauma Law" |
| 7 | 11/11/2024 | Caller | "The other Trauma Law" |
| 8 | 11/12/2024 | Caller | "The other Trauma Law" |
| 9 | 11/17/2024 | Prospective client (slip-and-fall, Stockton) | Trauma Law, PC |
| 10 | 11/19/2024 | Caller | "The other Trauma Law" |
| 11 | 11/20/2024 | Caller | "The other Trauma Law" |
| 12 | 03/07/2025 | Caller | "Calling for other trauma law" |
| 13 | 06/17/2025 | Caller (re a client matter) | "Other trauma law" |
| 14 | 07/11/2025 | Case-referral source | Trauma Law, PC (re unpaid referral fee) |
| 15 | 07/18/2025 | Case-referral source | Trauma Law, PC (re unpaid referral fee) |
| 16 | 10/16/2025 | Misdirected communication | Trauma Law, PC [post-registration] |
| 17 | 10/24/2025 | Misdirected communication | Trauma Law, PC |
| 18 | 11/07/2025 | Misdirected communication | Trauma Law, PC |
| 19 | 11/14/2025 | Misdirected communication | Trauma Law, PC |
| 20 | 11/26/2025 | Misdirected communication | Trauma Law, PC |
| 21 | 12/31/2025 | ADR / mediation provider | Trauma Law, PC (re unpaid mediation invoice) |
| 22 | 01/06/2026 | Doctor's office | Trauma Law, PC (re subpoenas) |
| 23 | 02/06/2026 | Caller | "Looking for other trauma law" |
| 24 | 03/24/2026 | Medical imaging provider | Trauma Law, PC |
| 25 | 04/01/2026 | Misdirected communication | Trauma Law, PC |



**Zechariah Magill**    9/27/24, 4:06 PM

**Calls for Erica Chavez**

**Aaa adjuster**



